**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDY WALDEMAR PINEDA AGUILAR,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71372<br><br>Agency No. A072-683-338<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Rudy Waldemar Pineda Aguilar, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the BIA's finding that Pineda Aguilar failed to establish past persecution because his mistreatment, including being identified through photographs during a demonstration and a subsequent assault on his family, do not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats and one incident of physical violence did not compel a finding of past persecution); *Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995) (abuse of Indo-Fijian during brief detention did not compel finding of past persecution). Without past persecution, Pineda Aguilar's humanitarian asylum claim necessarily fails, *see* 8 C.F.R. § 1208.13(b)(1)(iii), and he is not entitled to a presumption of a future fear, *see Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Substantial evidence supports the BIA's finding that Pineda Aguilar did not otherwise establish a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, Pineda Aguilar's asylum claim fails.

10-71372

Because Pineda Aguilar failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182*,* 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's finding that Pineda Aguilar failed to establish it is more likely than not he will be tortured by or with the acquiescence of a government official if returned to Guatemala. *See Santos-Lemus*, 542 F.3d at 747-48. Accordingly, his CAT claim fails.

**PETITION FOR REVIEW DENIED**.